1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Attorney
3  JONATHAN C. ROLNICK, State Bar #151814
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Floor #5
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4247
6  Facsimile:    (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
and WILLIAM FRAZIER

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SUSIE ABRAM, | Case No. C07-3006 EDL |
|---|---|
| Plaintiff, | *E-filing case* |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF AND DAMAGES** |
| CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF PUBLIC HEALTH; WILLIAM FRAZIER, DIRECTOR OF THERAPEUTIC ACTIVITIES, LAGUNA HONDA HOSPITAL | Action Filed:    June 8, 2007 |
| Defendant. | |

   Defendants City and County of San Francisco (including its Department of Public Health) and William Frazier (collectively "Defendants") hereby answers Plaintiff's Complaint for Declaratory Relief, Injunctive Relief and Damages ("Complaint") as follows:

   1.   Responding to paragraph 1, Defendants admit that Plaintiff purports to bring this action pursuant to 28 U.S.C. Section 1331 to enforce the provisions of 42 U.S.C. § 1981 ("Section 1981"). Defendants further respond that the language of speaks for itself. Defendants deny that they

have injured Plaintiff in any way and, except as expressly admitted, deny each and every allegation in paragraph 1.

2. Responding to paragraph 2, Defendants admit the allegations therein.

3. Responding to paragraph 3, Defendants admit the allegations therein.

4. Responding to paragraph 4, Defendants admit the allegations therein.

5. Responding to paragraph 5, Defendants admit the allegations therein.

6. Responding to paragraph 6, Defendants admit that Plaintiff was employed by the City and County of San Francisco as a Health Worker III, civil service classification number 2587 and that Plaintiff worked at Laguna Honda Hospital as an activity therapist. Defendants further admit that Plaintiff was employed by the City from April 1982 until her retirement from City service effective July 16, 2005. Except as expressly admitted, Defendants deny each and every allegation set forth in paragraph 6.

7. Responding to paragraph 7, Defendants deny each and every allegation therein.

8. Responding to paragraph 8, Defendants deny each and every allegation therein.

9. Responding to paragraph 9, Defendants deny each and every allegation therein.

10. Responding to paragraph 10, Defendants deny each and every allegation therein

11. Responding to paragraph 11, Defendants deny each and every allegation therein.

12. Responding to paragraph 12, Defendants deny each and every allegation therein.

**PRAYER FOR RELIEF**

Responding to Plaintiffs' Prayer for Relief, Defendants deny that Plaintiff has been injured or suffered damages in any fashion and deny that she is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses to Plaintiff's Complaint, without conceding that Defendants have the burden of persuasion or the burden of proof as to any affirmative defense set forth herein:

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint, and each and every allegation contained therein, whether considered singly or in combination, fail to state facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint, and each and every claim set forth therein, are barred by applicable statute of limitations, including but not limited to the provisions of California Code of Civil Procedure §§ 338, 340, 342, 343, and 1094.6 and 28 U.S.C. § 1658.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff has failed, in whole or in part, to exhaust her administrative, judicial, and/or contractual remedies in a timely manner.

**FOURTH AFFIRMATIVE DEFENSE**

4. Defendants assert the various absolute and qualified immunities conferred upon them, either directly or indirectly, pursuant to the United States Constitution and the California Government Code and other applicable provisions of law, including but not limited to those contained in Division 3.6 of Title 1 of the California Government Code, such as agency immunity pursuant to Government Code §§ 815, 815.2, 818, 818.2, 818.8; immunity from liability for intentional torts pursuant to Government Code § 815.3; discretionary immunity pursuant to Government Code § 820.2; prosecutorial immunity pursuant to Government Code § 821.6; and other immunities pursuant to Government Code §§ 820.4 and 820.8.

**FIFTH AFFIRMATIVE DEFENSE**

5. At all times and places alleged in the Complaint, Defendants acted in good faith, without malice or a fraudulent intent, and in conformity with and reliance upon applicable policies, procedures, regulations and laws.

**SIXTH AFFIRMATIVE DEFENSE**

6. Any and all employment actions taken with respect to Plaintiff were not based on any discriminatory motive or in retaliation for any activity engaged in by Plaintiff, or based on any other improper or illegal consideration, but rather were based on one or more legitimate, sufficient, non-discriminatory and non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to fully comply with the claims filing requirements of applicable law, including, but not limited to, the California Tort Claims Act, as contained in the California Government Code Section 910, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs' claims are barred because any injury or damage suffered by Plaintiff was caused by the intentional, reckless or negligent acts, omissions and/or misconduct of Plaintiff or a third party.

**NINTH AFFIRMATIVE DEFENSE**

9. To the extent applicable, the Complaint, and each and every cause of action alleged therein, may be barred, in whole or in part, by various equitable doctrines, including the doctrines of laches, estoppel, waiver, unclean hands, collateral estoppel, and/or res judicata.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff has failed to use due diligence to mitigate her damages, if any, as required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. At all times and places alleged in the Complaint, Defendants' actions were privileged, including but not limited to that described in California Civil Code § 47, and/or justified under applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The City is a public entity and, as such, it is immune from exemplary damages under sections 818 and 825 of the California Government Code.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the California Workers' Compensation Act.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The policies, practices or actions complained of by Plaintiff were done, in whole or in part, pursuant to a *bona fide* seniority and/or merit system.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Any recovery may be barred, in whole or in part, by the after-acquired evidence doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Defendants are not vicariously liable for any act or omission of any other person, whether by way of respondeat superior, agency, or otherwise. If any wrongful activity occurred, or if Plaintiffs suffered any injuries or damages, other parties or persons over whom Defendants had no control caused such injuries or damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The City cannot be held liable under a respondeat superior theory for violations of 42 U.S.C. § 1981 based on alleged acts or omissions of its employees because the elements required for such liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and its progeny, do not exist.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The Complaint, and each and every cause of action therein, fail to allege facts sufficient to warrant punitive damages against the individual defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. If Plaintiffs are entitled to any recovery, Defendants are entitled to set off any prior recoveries, compensation, or benefits Plaintiffs may have received in connection with the injuries or claims identified in this case and/or any collateral sources, including but not limited to having Plaintiffs' recovery reduced as provided in Government Code § 985.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be awarded for Defendants;

2. That Plaintiff's prayer for monetary damages and equitable relief be denied;

1      3.    That Plaintiff take nothing by this action;

2      4.    That Defendants be awarded their costs of suit, including attorney's fees; and

3      5.    That the Court order such other and further relief for Defendants as the Court may deem just and proper.

Dated:  August 10, 2007

        DENNIS J. HERRERA
        City Attorney
        ELIZABETH SALVESON
        Chief Labor Attorney
        JONATHAN C. ROLNICK
        Deputy City Attorney

By: s:/Jonathan C. Rolnick
      JONATHAN C. ROLNICK

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
and WILLIAM FRAZIER