1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Attorney
3  JONATHAN C. ROLNICK, State Bar #151814
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Floor #5
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-4247
6  Facsimile:     (415) 554-4248

7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
9  and WILLIAM FRAZIER

10                  IN THE UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12
   SUSIE ABRAM,                              Case No. C07-3006 PJH
13
              Plaintiff,                     *E-filing case*
14
       vs.                                   **JOINT CASE MANAGEMENT
15                                           STATEMENT**
   CITY AND COUNTY OF SAN
16  FRANCISCO, DEPARTMENT OF                 Date:       September 13, 2007
    PUBLIC HEALTH; WILLIAM FRAZIER,          Time:       2:30 p.m.
17  DIRECTOR OF THERAPEUTIC                  Courtroom:  3, 17th Floor
    ACTIVITIES, LAGUNA HONDA                             Hon. Phyliss J. Hamilton
18  HOSPITAL
                                             Action Filed: June 8, 2007
19            Defendant.

20

21     The parties to the above-entitled action jointly submit this Case Management Statement and

22  Proposed Order and request the Court to adopt it as its Case Management Order in this case.

23  **I.    JURISDICTION AND SERVICE**

24     The parties agree that the Court has jurisdiction over plaintiffs' claims in this action pursuant

25  to 28 U.S.C. §1331 because plaintiff alleges violation of 42 U.S.C. §1981.

26     There are no parties that remain to be served.

27

28

JOINT CMC STATEMENT – CASE NO. C07-3006 PJH        1                    n:\labor\li2007\080114\00435875.doc

II. **FACTS**

A. **Plaintiffs' Position:**

Plaintiff contends that she has been the victim of unlawful employment discrimination on the basis of her race, color and national origin and in retaliation against her on account of her continuing protest of such discriminatory conduct in violation of the provisions of 42 U.S.C. Section 1981. She pleads her claims for relief under of Section 1981.

Plaintiff is a former employee of Defendant City and County of San Francisco. She worked as a Health Worker III (civil service class no. 2587) at Laguna Honda Hospital. Defendant William Frazier was the Director of Therapeutic Activities at Laguna Honda and one of plaintiff's supervisors. She contends that she was forced to resign her position in June 2005, after more than twenty years of service, because of a pattern and practice of unlawful discriminatory employment practices including, but not limited to:

- false performance evaluations;
- unwarranted threats of disciplinary actions;
- unwarranted disciplinary actions;
- humiliation;
- unwarranted close scrutiny;
- continuing harassment; and
- continuing hostility.

B. **The Defendants' Position:**

Defendants City and County of San Francisco and William Fraiser (collectively the "City"). Deny that they discriminated against plaintiff in any fashion whatsoever.

III. **THE PRINCIPAL LEGAL AND FACTUAL ISSUES IN DISPUTE:**

1. Whether there is any evidence that the City discriminated against plaintiff on the basis of race, color, or national origin.

2. Whether there is any evidence that the City harassed plaintiff on the basis of race, color, or national origin.

3. Whether there is any evidence that the City retaliated against plaintiff because she engaged in any protected activity.

4. Whether plaintiff suffered any adverse employment action because of her race, color or national origin.

5. Whether the City had legitimate, non-discriminatory, and non-retaliatory reasons for any employment decision they made regarding or affecting plaintiff.
6. Whether plaintiff can demonstrate pretext so as to rebut a finding of the City's legitimate, non-discriminatory, and non-retaliatory business reasons for any employment decision made regarding or affecting her.
7. Whether plaintiff's race, color, national origin, or protected activity was a motivating factor in any alleged adverse employment action taken by the City.
8. Whether plaintiff can establish liability under *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-92 (1978), with respect to her claims.
9. Whether the defendant Frazier's actions were the result of carrying out his executive and/or administrative functions, thus entitling him to qualified immunity.
10. Whether defendant Frazier's actions violated clearly established federal statutory or constitutional rights, of which a reasonable person would have known.
11. What, if any, damages plaintiff has suffered as a result of any alleged unlawful employment practice.
12. Whether plaintiff has used due diligence to mitigate her damages, if any.
13. Whether any of plaintiff's claims are barred by the applicable statutes of limitations.
14. Whether plaintiff's claims are barred by her failure to exhaust her administrative, judicial, and/or contractual remedies.

## IV.  MOTIONS

At the time of this Joint Statement there are no pending motions. The City anticipates filing a motion for summary judgment.

## V.  AMENDMENT OF PLEADINGS

No amendments to pleadings are anticipated at this time.

## VI.  EVIDENCE PRESERVATION

Both parties have taken steps to preserve relevant evidence.

## VII. DISCLOSURES

The parties have yet to exchange initial disclosures. Those disclosures were due on September 4, 2007. The City's counsel was preparing for a September 10 trial in San Francisco Superior Court (*Zografos v. CCSF, et al.*, Case No. 443942) and had been unable to prepare the City's initial disclosures. The City recently obtained summary judgment in that case and is now in the process of preparing its initial disclosures. The parties request a 30-day extension to October 4, 2007 to complete their initial disclosures.

## VIII. DISCOVERY

In addition to the Rule 26 Disclosures, the parties anticipate that there will be an initial round of written discovery and depositions, as follows:

| Discovery | Limit |
| --- | --- |
| Exchange of interrogatories | 35 per side |
| Exchange of request for documents | 35 per side |
| Depositions of parities and percipient witnesses | 7 per side |

The parties understand and agree that further discovery will be warranted and have agreed to meet and confer regarding the need for additional discovery after completing this initial round.

The parties will meet and confer regarding a stipulation for a protective order for certain documents that may be discoverable.

## IX. RELATED CASES:

There are no related cases pending in this court.

## X. RELIEF:

Plaintiff seeks damages for lost earnings including future lost earnings and for loss of employment benefits. She also seeks damages for "severe psychological harm." In addition, plaintiff seeks declaratory and injunctive relief, as well as her cost of suit and attorney's fees.

## XI. SETTLEMENT AND ADR:

The parties filed a notice of need for ADR phone conference.

XII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to a magistrate judge.

XIII. **OTHER REFERENCES:**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XIV. **NARROWING OF ISSUES:**

The parties believe that after some discovery, some issues can be narrowed, if not entirely disposed of, on summary judgment.

XV. **EXPEDITED SCHEDULE:**

This case cannot be handled on an expedited basis due to the length of time needed to complete the discovery process.

XVI. **SCHEDULING:**

The parties propose the following tentative schedule:

**Discovery cut off, non-expert discovery:** March 3, 2008

**Deadline to hear motions directed at the merits of all or part of the case:** June 18, 2008

**Disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):** August 5, 2008

**Completion of discovery from experts:** September 5, 2008

**Trial Date:** Monday, October 14, 2007

**Anticipated length of trial:** 5-10 days

XVII. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

None.

XVIII. **SERVICE LIST:**

**FOR PLAINTIFFS:**
Curtis G. Oler
Law Offices of Curtis G. Oler
Post Office Box 15083
San Francisco, CA 94115
(415) 346-8015
(415) 346-8238 (fax)

**FOR DEFENDANTS:**
Jonathan Rolnick
City Attorney's Office
1390 Market, 5th Floor
San Francisco, CA 94102
Tel: 415-554-3845/ 554-3815
Fax: 415-554-4248

Dated: September 6, 2007

           DENNIS J. HERRERA
           City Attorney
           ELIZABETH SALVESON
           Chief Labor Attorney
           JONATHAN C. ROLNICK
           Deputy City Attorney


           By: s:/Jonathan C. Rolnick
               JONATHAN C. ROLNICK

           Attorneys for Defendants
           CITY AND COUNTY OF SAN FRANCISCO
           and WILLIAM FRAZIER

Dated:

           LAW OFFICES OF CURTIS G. OLER


           By: _____
               CURTIS G. OLER

           Attorneys for Plaintiff
           SUSIE ABRAM