I. INTRODUCTION

Defendants City and County of San Francisco, California, and William Frazier (hereinafter referred to as "Defendants") move this court for summary judgment or in the alternative, partial summary judgment against Plaintiff Susie Abram herein. Said motion is meritless as more particularly described below and should be rejected out of hand.

The 'introduction' by defendants to its memorandum of points and authorities in support of said motion is substantially rank argument, including misrepresentation of the substantial credible evidence in the record.

II. STATEMENT OF THE CASE

This action has been brought by Plaintiff, Susie Abram, (hereinafter referred to as "Abram") pursuant to 42 U.S.C. Section 1981 alleging a continuing pattern of unlawful discriminatory employment practices against her on account of her race and color (African - American /Black) and in retaliation against her because of her continuing protests of said unlawful discriminatory employment practices in violation of the provisions of 42 U. S. Code Section 1981.

Thereafter, defendants answered denying liability and pleading affirmative defenses  The parties conducted mutual written discovery and defendants deposed Plaintiff.   Pretrial conference is set for November 13, 2008.   Trial herein is set for December 8, 2008.

III. STATEMENT OF FACTS

Abram is an African-American (Black) female and was employed as an Activity Therapist at Laguna Honda Hospital and Rehabilitation Center from April, 1982 until on or about June 20, 2005. During her entire tenure of employment, she at all times performed all of her assigned and related duties in an excellent manner providing loyal and dedicated care to the patients of Laguna Honda Hospital.   Abram's employment at Laguna Honda was enjoyable and she looked forward to working each day until she came under the direct supervision of Activity Therapist Supervisor Christine Hanson in 2002. After coming under the supervision of Hanson,

Abram began to experience a variety of discriminatory actions by her even though Abram had continued to perform all of her duties as excellently as she had done before. Those actions included, but were not limited to a) false performance evaluations; b) unwarranted threats of disciplinary actions; c) unwarranted disciplinary actions; d) humiliation; e) unwarranted close scrutiny; f) continuing harassment; and g) continuing hostility.

Abram's continuing complaints of the discriminatory treatment by Frazier and Hanson were ignored and only resulted in stepped up hostility and unwarranted criticism of her employment which forced her to finally quit her employment to protect her sanity.

Abram could no longer bear Defendants' unwarranted persistence in pursuing unwarranted disciplinary actions against her, the continuing discriminatory treatment to which her white counterparts were not subjected, the retaliation which resulted from her continuing complaints, and the harassment described above which had ruined her career as an Activity Therapist with the City and almost destroyed her emotionally. (Declaration of Susie Abram Pars 1 - 39)

Defendant Frazier concedes that Abram repeatedly complained to him about such actions and conduct. (Frazier Dec. 43)

IV. ISSUES PRESENTED

Issues presented appear to be:

A. Whether Plaintiff seeks to recover on claims barred by the statute of limitations?

B. Whether defendants have carried their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to judgment as a matter of law on Plaintiff's claim that she was subjected to a continuing pattern and practice of unlawful discriminatory employment practices on account of her race and color which forced her from her job in violation of 42 U.S.C. Section 1981?

C. Whether defendants have carried their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to

judgment as a matter of law on Plaintiff's claim that she was retaliated because of her continuing protests of unlawful discriminatory practices against her which forced her from her job in violation of 42 U.S.C. Section 1981?

D. Whether defendants have carried their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to judgment as a matter of law on Plaintiff's claim that she was subjected to a continuing pattern and practice of harassment which was intended to and did force her from her job in violation of 42 U.S.C. Section 1981?

E. Whether defendant City can clothe itself with the 'Monell doctrine' to immunize itself from liability by its unsupported claim that its defendant employee Frazier is not a "final policymaker with respect to the conduct at issue"?

V. ARGUMENT

    A. **Obviously, Plaintiff does not seek to recover on any claims barred by the statute of limitations.**

Abram does not seek to recover on any claims barred by the statute of limitations.

Defendants argument relative to the statute of limitations period for bringing actions under 42 U.S.C. Section 1981, is substantially irrelevant in view of the fact that Plaintiff seeks no recovery for any claim beyond the four year statute of limitations period applicable herein.

This complaint arises out of disciplinary actions initiated against Abram in August, 2003 and October, 2003, and which were continuing to be pursued by Defendants at the time of her resignation in June, 2005. This action was filed on June 8, 2007.

    B. **Defendants have failed to carry their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to judgment as a matter of law on Plaintiff's claim that she was subjected to a continuing pattern and practice of unlawful discriminatory employment practices on account of her race and color which forced her from her job in violation of 42 U.S.C. Section 1981.**

Defendants have failed to carry their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to judgment as a

Memo P&A ISO Opp to MSJ            3

matter of law on Plaintiff's claim that she was subjected to a continuing pattern and practice of unlawful discriminatory employment practices on account of her race and color which forced her from her job in violation of 42 U.S.C. Section 1981.

42 U.S.C. provides as follows:

> "(a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

Defendants argue that the City and Frazier are entitled to summary judgment on Abram's discrimination claim because she is unable to establish a prima facie case for such and even if she can, defendants have articulated a legitimate nondiscriminatory reason for its adverse actions against Plaintiff which she cannot show to be pretextual.

However, the substantial credible evidence in the record easily demonstrates that Abram has established a prima facie case for racial discrimination in violation of 42 U.S.C. Section 1981.

Abram has met the requirements of *McDonnell Douglas v. Green*, 411 US. 792 (1973) and *Surrell v. California Water Service Co.*, 518 F.3d 1097 (9th Cir. 2007) cited by defendants.

Abram has shown that (1) she is a member of a protected class, African American (Black), (2) that she has suffered an adverse employment action, initiation and continuance of unwarranted disciplinary actions relating to her work performance, (Abram Dec. 20, 21, 22, 27, 32, 33, 34, 35, 36) and (3) that there is a causal link between Abram's status and the adverse action, her white counterparts similarly situated, whose performances were no better than Abram's were not subjected to such disciplinary actions. (Abram Dec. Par. 39)

Defendants' articulated reasons for its disciplinary actions against Abram were concerns "regarding the quality of Abram's job performance" including Abram's May, 2003 job appraisal evaluation and development plan, the disciplinary action initiated in August, 2003, and the disciplinary action initiated in October, 2003, further arguing that evidence presented by Abram herein creates no inference of racial animus and does not show pretext.

The reasons given by defendants for its disciplinary actions against Abram are obviously not trustworthy or worthy of belief in view of the substantial evidence in the record indicating that throughout her long dedicated career at Laguna Honda, Abram had always performed her work satisfactorily and at least as satisfactorily as her fellow white Activity Therapists. Defendants have presented no substantive evidence or justification for said disciplinary actions which have been shown to be completely unwarranted and in which defendants persisted finally driving Abram from her job which she loved so well because of her emotional inability to remain there subjected to the continuing abuse which had ruined her career.

Thusly, Defendants' reasons given for its unwarranted discipline of Abram can only be described as pretextual.

**C. Defendants have failed to carry their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to judgment as a matter of law on Abram's claim that she was retaliated against because of her continuing protests of continuing unlawful discriminatory practices against her which forced her from her job in violation of 42 U.S.C. Section 1981.**

Defendants have failed to carry their Fed. R. Civ. P. Rule 56 burden to show that there are

no material issues remaining in dispute in this matter and that they are entitled to judgment as a matter of law on Abram's claim that she was retaliated against because of her continuing protests of continuing unlawful discriminatory practices against her which forced her from her job in violation of 42 U.S.C. Section 1981.

Defendants argue that they are entitled to summary judgment on Abram's retaliation claim. Defendants also refer to *Humphries v. CBOCS West*, 474 F.3d 387 (7th Cir. 2007), *cert. granted* 128 S.Ct. 30 (2007) which has been pending before the Supreme Court on the issue of whether retaliation claims lie under Section 1981. On May 27, 2007, the Supreme Court held that actions for retaliation could be brought under the provisions of 42 U.S.C. Section 1981.

Defendants erroneously argue that Abram cannot show the City's legitimate non-retaliatory reasons for its actions are pretextual, relying upon its above argument related to Abram's claim of racial discrimination. Substantial credible evidence in the record demonstrates that Abram has established a *prima facie* case for retaliation.

Abram has shown that (1) she has engaged in a protected activity, – she continued to complain and protest unlawful discriminatory employment practices against her as admitted by defendant Frazier, and (2) that she was subjected to an adverse employment action – defendants' articulated reasons for its disciplinary actions against Abram were concerns "regarding the quality of Abram's job performance" including Abram's May, 2003 job appraisal evaluation and development plan, the disciplinary action initiated in August, 2003, and the disciplinary action initiated in October, 2003, and (3) that there exists a causal link between the protected activity and the adverse employment action – as Abram continued to complain and protest continuing unlawful discriminatory employment practices against her, defendants accelerated its adverse employment actions against her which included, but were not limited to unwarranted disciplinary actions complained of herein.

Defendants simply repeat their reason for the actions taken against Abram herein, i.e., Defendants' articulated reasons for its disciplinary actions against Abram were concerns

"regarding the quality of Abram's job performance" including Abram's May, 2003 job appraisal evaluation and development plan, the disciplinary action initiated in August, 2003, and the disciplinary action initiated in October, 2003.

The reasons given by defendants for its disciplinary actions against Abram are obviously not trustworthy or worthy of belief in view of the substantial evidence in the record indicating that throughout her long dedicated career at Laguna Honda, Abram had always performed her work satisfactorily and at least as satisfactorily as her fellow white Activity Therapists. Defendants have presented no substantive evidence or justification for said disciplinary actions which have been shown to be completely unwarranted and in which defendants persisted finally driving Abram from her job which she loved so well because of her emotional inability to remain there subjected to the continuing abuse which had ruined her career.

Thusly, Defendants' reasons given for its unwarranted discipline of Abram can only be described as pretextual.

### D. **Defendants have failed to carry their Fed. R. Civ. P. Rule 56 burden to show that there are no material issues remaining in dispute in this matter and that they are entitled to judgment as a matter of law on Plaintiff's claim that she was subjected to a continuing pattern and practice of harassment which was intended to and did force her from her job in violation of 42 U.S.C. Section 1981.**

Although Defendants 'tongue-in-cheek' contend that Plaintiff was not subjected to racial harassment, the record speaks for itself. She has shown that she was ridiculed, intimidated, and insulted sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment, *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993) and that considering all circumstances, her working environment was both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so. *Faragher v. City of Boca Raton*, 5224 U.S. 775 (1998) (Abram Dec., pars. 5 - 39) Defendants argument that Abram cannot show that such continuing conduct reflected in the record was motivated by race is directly contrary to the substantial credible

1  evidence in the record which shows that Abram's similarly situated white counterparts were not
2  subjected to such continuing abuse even though their conduct and job performance was no better
3  than that of Abram.

    E.  **Defendant City cannot clothe itself with the 'Monell doctrine' to immunize itself from liability by its unsupported claim that its defendant employee Frazier is not a "final policymaker with respect to the conduct at issue".**

The City is obviously liable pursuant to the provisions of 42 U.S.C. Section 1981 for its pattern, practice, policy and custom of discriminatory and retaliatory actions taken against Abram.

Notwithstanding, City, without merit, persists in its erroneous contention that it has no liability herein under 42 U.S.C. Section 1981. Failing in its arguments that Abram cannot establish a prima facie case for discrimination against her on account of her race, color and national origin, retaliation, harassment and that Abram cannot rebut City's articulated legitimate non-discriminatory reasons for its actions, City now incredibly claims that it is not liable under 42 U.S.C. 1981, for the actions and conduct of William Frazier, in that Frazier is not a "final policy maker with respect to the conduct at issue", citing as authority therefor, among others, *Monell, supra, Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204 (9th Cir. 1996), *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988), among others. It argues that a party attempting to hold a municipality liable under Section 1981 must allege and prove that the alleged violation of his rights resulted from a municipal policy or custom.

However, Abram has clearly met the requirements in Monell, supra, and City of St. *Louis, supra*. As discussed in Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992) which held that such may occur in three situations:

First, the plaintiff may show that the city employee who committed the alleged violation followed a formal governmental policy or longstanding practice.
Second, the plaintiff may show that the municipal employee who committed the alleged violation was an official or official body with final policy-making authority. Third, the plaintiff may show

Memo P&A ISO Opp to MSJ          8

that an official or body with final policy-making authority ratified the alleged violation.

As the substantial credible evidence in the record unequivocally demonstrates, Montiel has clearly met the requirements of *Monell, supra, Federation of African American Contractors supra, Gillette, supra*, *Hyland, supra and Pembaur, supra*.

CCSF blithely argues that its Civil Service Commission is the "final policymaker" with respect to employment matters and that the decision to terminate Montiel's employment and the other conduct at issue cannot be attributed to the Civil Service Commission, when as a matter of fact, it is common knowledge that departments of the City, particularly the Department of Public Works, operate with almost complete autonomy, impervious to the Civil Service Commission setting and maintaining employment policies including hundreds of thousands of personnel actions yearly of which the Civil Service Commission has or wants any knowledge thereof.

Edwin Lee, Director of DPW, now City Administrator, reporting directly to the Mayor, has been employed and affiliated with the City since 1989 has held a variety of positions with the City since 1989, including Executive Director of the Human Rights Commission, Director of City Planning, Director of the Department of Public Works and City Administrator. Obviously, it cannot be reasonably disputed that as such Lee was at all times relative to the issues in this case has been a final policy maker. In that role, he directed Montiel not to write tickets and informed him that he was an Ambassador. Lee also changed the uniforms of the ECOs from dark blue to plain clothes. Lee also personally directed the placement of Monahan and Anderson into their positions of Street Inspectors which have now facilitated their placement into the permanent civil service positions of street inspectors.

Thusly, Lee clearly meets the definition of a final policymaker perpetuating a pattern and practice of unlawful discriminatory employment practices by CCSF against Montiel and other ethnic minority environmental control officers

VI. CONCLUSION

As reflected in the foregoing, Defendant has failed to carry its burden to show that no

Memo P&A ISO Opp to MSJ                      9

1 | material fact remains genuinely in issue and that it is entitled to judgment as a matter of law as
2 | required by Federal Rules of Civil Procedure, Rule 56.
3 |     It is well settled that the moving party in a Rule 56 motion has the burden of
4 | demonstrating that no material fact in the case remains genuinely in issue and that it is entitled
5 | to judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, (1970) 90 S.Ct. 1598, 398 U.S.
6 | 148, 26 L.Ed.2d 142967, *California Pacific Bank v. Small Business Administration*, 557 F.2d
7 | 218 (9th Cir. 1977).
8 |     It has long since been established in *Pollar v. Columbia Broadcasting Sys., Inc.*, (1962)
9 | 82 S.Ct. 486, 368 U.S. 464, 7 L.Ed. 2d 967, that before summary judgment will be granted it
10 | must be clear what the truth is and any doubt as to the existence of a genuine issue of fact will
11 | be resolved against the movant. *Pepper & Tanner, Inc., v. Shamrock Broadcasting, Inc.,* 563
12 | F.2d 391 (9th Cir. 1977); *U.S. Jaycees v. San Francisco Junior Chamber of Commerce*, (D.C.
13 | Cal. 19972, 354 F. Supp. 61 aff'd per curium, 513 F.2d 1226 (9th Cir. 1975).
14 |     Accordingly, it is respectfully requested that this court deny Defendants' Motion for
15 | Summary Judgment or in the alternative, for Partial Summary Judgment in its entirety.

Dated: May 28, 2008                              Respectfully submitted,

/s/ Curtis G. Oler
_____
CURTIS G. OLER
Attorney for Plaintiff