1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH SALVESON, State Bar #83788
   Chief Labor Attorney
3  JONATHAN C. ROLNICK, State Bar #151814
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Floor #5
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-4247
6  Facsimile:    (415) 554-4248

7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
9  and WILLIAM FRAZIER

10                    IN THE UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12

| SUSIE ABRAM, | Case No. C07-3006 PJH |
|---|---|
| Plaintiff, | *E-filing case* |
| vs. | **DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES** |
| CITY AND COUNTY OF SAN FRANCISCO, DEPARTMENT OF PUBLIC HEALTH; WILLIAM FRAZIER, DIRECTOR OF THERAPEUTIC ACTIVITIES, LAGUNA HONDA HOSPITAL | |
| Defendant. | Date:  June 18, 2008<br>Time:  9:00 a.m.<br>Courtroom: 3, 17th Floor<br>Hon. Phyllis J. Hamilton |
| | Action Filed: June 8, 2007 |

1  Defendants City and County of San Francisco (the "City") and William Frazier hereby object
2  and moves to strike the following evidence offered by Plaintiff Susie Abram ("Plaintiff") in support
3  of her opposition to the City's motion for summary judgment or, in the alternative, summary
4  adjudication of issues.

**A.    Declaration of Plaintiff Susie Abram ("Abram Decl.")**

| EVIDENCE | OBJECTION |
|---|---|
| 1.  "During my entire tenure of employment, I at all times performed all of my assigned and related duties in an excellent manner providing loyal and dedicated care to the patients of Laguna Honda Hospital." (Abram Decl. ¶ 2.) | Relevance FRE 401-402; Lack of personal knowledge/foundation. FRE 602; Improper opinion testimony. FRE 701. |
| 2.  "I began to experience a variety of discriminatory actions..." (Abram Decl. ¶ 4.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 3.  "I had continued to perform all of my duties as excellently as I had done before." (Abram Decl. ¶ 4.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 4.  "...have found it to be substantially false and misleading..." (Abram Decl. ¶ 6.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 5.  "As a matter of fact, at the time Abram cam under Hanson's supervision, there were no issues concerning Abram's performance." (Abram Decl. ¶ 7.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 6.  "I had already during the several years of my employment, exhibited and continued to exhibit more than excellent skills in all phases of my employment." (Abram Decl. ¶ 7.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 7.  "I was also providing accurate documentation as required on a timely basis." | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; |

| | |
|---|---|
| (Abram Decl. ¶ 7.) | conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 8. "Hanson's statements here are false and ridiculous. For years I had been successfully creative in planning activities and programs for the patients with no complaints from anyone.<br><br>(Abram Decl. ¶ 8.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 9. "...Hanson refused to provide me with appropriate computer training for calendaring while others were provided with such."<br><br>(Abram Decl. ¶ 9.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). Contradicts earlier testimony that computer training was available and Abram took it. (Abram Depo. 36:22 – 37:10.) *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999); *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001). |
| 10. "...she put some of my things on the table so other staff could take them."<br><br>(Abram Decl. ¶ 12.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 11. "As a matter of fact, Hanson provides no factual basis for such performance rating or the need for a development plan for me."<br><br>(Abram Decl. ¶ 15.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 12. "I was the only Activity Therapist given a development plan even though I performed all of my duties at least as well as my coworkers."<br><br>(Abram Decl. ¶ 15.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 13. "I needed no development plan since there was no evidence that I was not satisfactory performing all my duties as directed."<br><br>(Abram Decl. ¶ 16.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 14. "More often than not, I was responsible for more wards than my fellow activity therapists." | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel* |

| | |
|---|---|
| (Abram Decl. ¶ 16.) | *Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 15.    "I was the only therapist placed on a development plan." (Abram Decl. ¶ 16.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 16.    "Some Activity Therapists are often over budget and are never questioned." (Abram Decl. ¶ 17.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 17.    "She offered me no computer training." (Abram Decl. ¶ 18.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997).  Contradicts earlier testimony that computer training was available and Abram took it. (Abram Depo. 36:22 – 37:10.)  *Cleveland v. Policy Management Systems Corp.,* 526 U.S. 795, 806 (1999); *Block v. City of Los Angeles,* 253 F.3d 410, 419 n.2 (9th Cir. 2001). |
| 18.    "Hanson told my co-workers not to help me." (Abram Decl. ¶ 18.) | Hearsay, FRE 801-802. |
| 19.    "Lynn refused to use the computer." (Abram Decl. ¶ 18.) | Lack of personal knowledge/foundation, FRE 601-602; Relevance FRE 401-402. |
| 20.    "Hanson was again setting me up for failure..." (Abram Decl. ¶ 18.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 21.    "Hanson placed my suspension notice where all of my co-workers could read it." (Abram Decl. ¶ 19.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 22.    "Lisa overheard me talking to Len and told Hanson that I had made money not knowing that I was a sale that I did at my home." (Abram Decl. ¶ 20.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |

| | |
|---|---|
| 23.  "In November, 2003 as a result of the continuing efforts of Defendant Frazier to proceed with the pending disciplinary actions against me, ruining my exemplary career with the City, I suffered a nervous breakdown and was compelled to leave work to seek psychotherapy therefor. (Abram Decl. ¶ 22.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 24.  "I had no performance issues as such. I always performed all of my assigned and related duties in at least satisfactory manner, and at least as well as my fellow Activity Therapists." (Abram Decl. ¶ 26.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 25.  "I had no particular difficulty with record keeping and documentation..." (Abram Decl. ¶ 26.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 26.  "All Activity Therapists were having problems with the paper changes." (Abram Decl. ¶ 26.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 27.  "I always performed my duties in at least a satisfactory manner." (Abram Decl. ¶ 27.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 28.  "Chinese New Years was not educational, Cinco de Mayo was not educational. Nothing was said about these programs." (Abram Decl. ¶ 28.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 29.  "...Frazier said that every time I cook, people got sick from my cooking." (Abram Decl. ¶ 30.) | Hearsay, FRE 801-802. |
| 30.  "All activity therapists cook. Some of them cook all the time. Frazier said nothing to them. They were white." (Abram Decl. ¶ 30.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |

| | |
|---|---|
| 31. "...neither this disciplinary action nor other disciplinary actions taken against me were warranted. These disciplinary actions are unsupported by any evidence and are based simply upon general, false, fabricated, conclusory representations about my job performance."<br><br>(Abram Decl. ¶ 33.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 32. "My white counterparts were not subjected to such unwarranted discipline."<br><br>(Abram Decl. ¶ 33.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 33. "These actions were taken against me because of my race and color and in retaliation against me because I continued to complain about the unlawful discriminatory treatment of me by Frazier and Hanson to Frazier and Hanson and Willie Ramirez in Human Resources who refused to listen to my complaints."<br><br>(Abram Decl. ¶ 33.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 34. "Hanson did not require other staff to do so."<br><br>(Abram Decl. ¶ 34.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 35. "Hanson told Tracy that I was a problem."<br><br>(Abram Decl. ¶ 34.) | Hearsay, FRE 801-802. |
| 36. "Lisa overheard me talking to Len and told Hanson that I had made more money not knowing that I was talking about a sale that I did at my home."<br><br>(Abram Decl. ¶ 35.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 37. "After emotionally and physically collapsing on the job because of the extraordinary stress caused by the continuing unwarranted disciplinary actions against me, I had been compelled to leave work."<br><br>(Abram Decl. ¶ 36.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |

| | |
|---|---|
| 38.    "I was forced to resign my position in June, 2005, as a result of the continuing efforts of Defendants to unlawfully pursue the pending disciplinary actions against me which were without cause or justification and which had ruined had my career."<br><br>(Abram Decl. ¶ 36.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 39.    "My continuing complaints of the discriminatory treatment by Frazier and Hanson were ignored and only resulted in stepped up hostility and unwarranted criticism of my employment which forced me to finally quit my employment to protect my sanity."<br><br>(Abram Decl. ¶ 38.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |
| 40.    "I could no longer bear Defendants' unwarranted persistence in pursuing unwarranted disciplinary actions against me, the continuing discriminatory treatment to which my white counterparts were not subjected, the retaliation which resulted from my continuing complaints, and the harassment described above which had ruined my career as an Activity Therapist with the City and almost destroyed me emotionally."<br><br>(Abram Decl. ¶ 39.) | Lack of personal knowledge/foundation. FRE 602; Improper opinion FRE 701, 703; conclusion of fact and law, *National Steel Corp. v. Golden Eagle Ins. Co.,* 121 F.3d 496, 502 (9th Cir. 1997). |

Dated:  June 4, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH SALVESON
Chief Labor Attorney
JONATHAN C. ROLNICK
Deputy City Attorney


By:  s:/Jonathan C. Rolnick
JONATHAN C. ROLNICK

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
and WILLIAM FRAZIER